IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS WAYNE LEWIS, JR.,
   Petitioner,

vs.           Case No.: 3:13cv119/MCR/EMT

SECRETARY, DEPARTMENT OF CORRECTIONS,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (doc. 15). Petitioner filed a response in opposition to the motion (doc. 21).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (doc. 1, Exhibits; doc. 15, Exhibits).[1] Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2006-CF-4535, with one count of conspiracy to traffic in cocaine (400

_____

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (doc. 15), unless otherwise indicated. If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

grams or more, but less than 150 kilograms) (Count 1), one count of trafficking in cocaine (400 grams or more, but less than 150 kilograms) (Count 2), and one count of conspiracy to sell, manufacture, deliver, or possess with intent to sell, manufacture, or deliver cannabis (Count 3) (Ex. A at 2). The State declined to prosecute Count 3 (*see* Ex. B at 105). Following a jury trial, Petitioner was found guilty as charged on Count 1, and not guilty on Count 2 (Ex. A at 82, Ex. B). The court adjudicated Petitioner guilty of Count 1 and sentenced him to twenty (20) years of imprisonment, with a 15-year mandatory minimum term, and with pre-sentence jail credit of 334 days (Ex. A at 90–96).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-4461 (Ex. C). Petitioner's counsel filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments to support the contention that reversible error occurred in the trial court (*id.*). Petitioner filed a pro se initial brief (Ex. D). The First DCA affirmed the judgment per curiam without written opinion on June 26, 2008, with the mandate issuing July 24, 2008 (Exs. E, F). Lewis v. State, 985 So. 2d 536 (Fla. 1st DCA 2008) (Table).

On February 3, 2009, Petitioner filed a "Notice of Expiration of Speedy Trial Time" in the state circuit court (Ex. G). The court dismissed the Notice in an order rendered February 16, 2009 (Ex. H). The court advised Petitioner he had thirty (30) days to appeal the decision (*id.*). Petitioner did not appeal.

On March 3, 2009, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. I). On August 26, 2009, the state circuit court struck the motion with leave to file a legally sufficient motion "within a reasonable time" (Ex. J).

On February 26, 2010, Petitioner filed another Rule 3.850 motion (Ex. K at 1–22). On May 18, 2010, the state circuit court dismissed the motion without prejudice to Petitioner's filing a timely, properly sworn motion (*id.* at 23). Petitioner filed an amended Rule 3.850 motion on June 8, 2010 (*id.* at 24–53). The state circuit court denied the amended motion on April 7, 2011 (*id.* at 54–63). Petitioner appealed the decision to the First DCA, Case No. 1D11-2711 (Ex. L). The First

DCA affirmed per curiam without written opinion on August 4, 2011, with the mandate issuing August 30, 2011 (Exs. N, O).

Petitioner commenced this federal habeas action on March 14, 2013 (doc. 1).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).  The parties do no dispute that the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's conviction became final on September 25, 2008, upon expiration of the 90-day period in which Petitioner could have filed a petition for a writ of certiorari in the United States Supreme Court.[2]  The statute of limitations began to run on September 26, 2008, the day after the 90-day period expired.  *See* Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1283–84 (11th Cir. 2007) (citing Fed. R. Civ. P. 6(a)); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir.

---

[2] Pursuant to Rule 6 of the Federal Rules of Civil Procedure, the day of the event that triggers the time period is excluded from the calculation, and the last day of the period is included, so the 90-day period expired on September 25, 2008.

2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA). Petitioner had one year from that date, or until September 26, 2009, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira</u>, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Starting on September 26, 2008, the federal limitations period ran for **130 days** until Petitioner filed his Notice of Expiration of Speedy Trial Time on February 3, 2009. Respondent does not include this post-conviction application in its timeliness calculation, thus suggesting it was not a tolling motion (doc. 15 at 5–6).

According to the Supreme Court, an application is "properly filed" under § 2244(d)(2) "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). The term "properly filed" thus refers to the application's "compliance with the applicable laws and rules governing filings." 531 U.S. at 8. For example, the filing requirements typically include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted). Whether an application is properly filed is distinct from whether the application's claims are meritorious or procedurally barred. *See id.* at 9. Consequently, the Supreme Court determined in <u>Artuz</u> that an application raising procedurally barred claims was nonetheless "properly filed" for purposes of § 2244(d)(2). *See id.* at 11. The Court explained that an application may include claims that are not properly presented or raised, "irrespective of whether the application containing those claims was properly filed." *Id.* at 10. In other words, even though an application may not succeed in obtaining the desired relief, it may still be considered "properly filed" so long as it satisfies the statutory filing conditions. *See id.* at 11; *see*

*also* <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1284 (11th Cir. 2002) (noting that the fact that a motion is successive, and may therefore fail on the merits, "does not render it improperly filed").

The Eleventh Circuit applied this principle in <u>Delancy v. Fla. Dep't of Corr.</u>, 246 F.3d 1328 (11th Cir. 2001). There, a Florida prisoner invoked the wrong statutory vehicle to challenge his sentences by filing a Rule 3.800 motion instead of a Rule 3.850 motion, resulting in the dismissal of his Rule 3.800 motion. *See id.* at 1330. The court found that "under <u>Artuz</u> the district court erred in looking beyond the face of Delancy's Rule 3.800 motion to consider the individual claims (*i.e.*, whether they are challenges to consecutive sentences or illegal sentences) in determining whether that motion was 'properly filed' under § 2244(d)(2)." *Id.* The court concluded that Delancy's Rule 3.800 motion was properly filed for purposes of tolling the one-year limitations period because "on its face, [the motion] met state procedural and filing requirements." *Id.* at 1330–31.

Likewise, in <u>Estes v. Chapman</u>, the Eleventh Circuit concluded that a motion to vacate a sentence was "properly filed" even though the state court ultimately lacked jurisdiction to modify the defendant's sentence. 382 F.3d 1237, 1241 (11th Cir. 2004). And in <u>Thompson v. Sec'y, Dep't of Corr.</u>, the Eleventh Circuit concluded that a defendant's state habeas petitions were "properly filed" because the petitions "met all the state procedural and filing requirements on their face," even though the state court determined Thompson should have raised his claims in a Rule 3.850 motion and therefore dismissed the petitions. 595 F.3d 1233, 1236, 1239 (11th Cir. 2010).

Here, the state court dismissed Petitioner's Notice of Expiration of Speedy Trial Time on two grounds. First, the Notice was moot, because a trial on Petitioner's charges had already been conducted (Ex. H). Second, claims of trial court error and claims that a defendant was denied his speedy trial rights are properly raised on direct appeal, not in a post-conviction motion (*id.*). The state court noted in a footnote that the record demonstrated Petitioner waived his speedy trial rights under Rule 3.191(a) of the Florida Rules of Criminal Procedure. The court's basis for dismissal is akin to a determination that his claim was non-meritorious or procedurally barred or both. Either or both of these reasons for dismissal would not render the post-conviction application not "properly filed" under <u>Artuz</u>. Therefore, the undersigned concludes the Notice was a tolling post-conviction application for purposes of § 2244(d)(2). The Notice was pending until March 19, 2009, upon expiration of the thirty-day window for Petitioner to appeal.

While the Notice was pending, Petitioner filed his first Rule 3.850 motion. Respondent does not dispute this was a tolling motion (doc. 15 at 6).[3] Assuming purely for argument's sake that the court's order striking the motion an appealable order, the motion was pending until September 29, 2009, upon expiration of the thirty-day period for doing so.

The federal limitations period ran untolled until it expired **235 days** later on May 23, 2010 (**130 days** + **235 days** = **365 days**). Petitioner's Rule 3.850 motion, filed February 26, 2010, was not "properly filed" within the meaning of <u>Artuz</u>, because it was dismissed as noncompliant with Florida's written oath requirement (Ex. K at 1–23). The Florida Rules of Criminal Procedure require that a motion to vacate, set aside, or correct sentence be under oath. *See* Fla. R. Crim. P. 3.850. The Rules also require that motions for post-conviction relief be "legibly handwritten or typewritten," signed by the defendant and contain a notarized oath. *See* Fla. R. Crim. P. 3.987. Alternatively, Rule 3.987 allows the defendant to include an unnotarized oath, which states that "[u]nder penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true." *Id.* Here, Plaintiff's Rule 3.850 motion filed February 26, 2010, did not include a signed oath (Ex. K at 22). Therefore, it was not "properly filed." *See* <u>Hurley v. Moore</u>, 233 F.3d 1295, 1297 (11th Cir. 2000) (a state post-conviction motion is not "properly filed" under § 2244(d)(2) if it fails to comply with Florida's written oath requirement). Moreover, Petitioner could not "attempt to resurrect a terminated statute of limitations by subsequently filing documents that purport to 'relate back' to previously submitted documents that were, in themselves, insufficient to toll the statute." <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004). Therefore, Petitioner's amended Rule 3.850 motion, filed on June 8, 2010, after the federal limitations period expired, did not resurrect the federal deadline or otherwise toll it. *See* <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner's federal habeas petition, filed March 14, 2013, was thus untimely.

Petitioner concedes his federal petition is untimely (*see* doc. 21 at 1). He argues he is entitled to equitable tolling of the limitations period because prison officials failed to mail a motion

---

[3] Respondent incorrectly identifies the filing date of this motion as March 3, 2010, instead of March 3, 2009.

for rehearing he submitted for filing to the First DCA in the appeal of the amended Rule 3.850 motion filed on June 8, 2010 (doc. 21 at 1–5).

Section 2244(d) is subject to equitable tolling. *See* <u>Holland v. Florida</u>, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010); <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267 (11th Cir 2011). Equitable tolling is a rare and extraordinary remedy. *See* <u>San Martin</u>, 633 F.3d at 1271. A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland</u>, 560 U.S. 649 (citation and internal quotation marks omitted). The extraordinary circumstances must be circumstances beyond the petitioner's control. *See* <u>Hunter v. Ferrell</u>, 587 F.3d 1304, 1308 (11th Cir. 2009). Further, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See* <u>San Martin</u>, 633 F.3d at 1267. The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (quotations omitted).

In this case, Petitioner has failed to show that the alleged extraordinary circumstance, that is, prison officials' failure to mail his motion for rehearing to the First DCA in Case No. 1D11-2711, when Petitioner submitted it for mailing on August 19, 2011 (*see* doc. 1, Ex. C), prevented him from timely filing his federal petition. Petitioner commenced the circuit court proceeding underlying that First DCA appeal on June 8, 2010, by filing an amended Rule 3.850 motion. However, the federal limitations period expired prior to that, on May 23, 2010. Therefore, Petitioner failed to show a causal connection between the failure to mail his motion for rehearing on August 19, 2011, and his failure to file his federal habeas petition on or before May 23, 2010.

Petitioner does not argue he is entitled to review of his claims through any other recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Respondent's motion to dismiss (doc. 15) be **GRANTED**, and the petition for writ of habeas corpus (doc. 1) be **DISMISSED** with prejudice as untimely.

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>14</u><sup>th</sup> day of February 2014.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**